**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

Attorneys for Plaintiffs, the Class,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN MORAWSKI and JOSE L. CORTEZ as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>A.J. SPURS RESTAURANT – SANTA MARIA, INC., a California Corporation; A.J. SPURS – BUELLTON, INC., a California Corporation; A.J. SPURS – TEMPLETON, INC., a California Corporation; MILT GUGGIA ENTERPRISES, INC., dba A.J. SPURS SALOON & DINING HALL, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | CASE No. CV13-2349 AB (RZx)<br><br>**DECLARATION OF PAUL K. HAINES IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND COSTS, AND INCENTIVE PAYMENTS**<br><br>Judge: Hon. André Birotte Jr.<br>Date: November 10, 2014<br>Time: 10:00 a.m.<br>Dept.: 790 |

1

1    I, PAUL K. HAINES, declare as follows:

2    1.    I am a partner at the law firm of Boren, Osher & Luftman LLP, and

3    co-counsel for the named Plaintiffs Barbara Ann Morawski and Jose L. Cortez

4    ("Plaintiffs"), and the proposed Settlement Class in the above-captioned matter.  I

5    am a member in good standing of the bar of the State of California and am

6    admitted to practice in this Court.  I have personal knowledge of the facts stated in

7    this declaration and could testify competently to them if called upon to do so.

8    2.    I am a 2006 graduate of Pepperdine University School of Law, where

9    I graduated *cum laude*.  During law school, I worked as a law clerk for the

10   appellate firm of Horvitz & Levy, located in Encino, California.   I also spent a

11   semester in law school working as an extern for the Honorable Edward Rafeedie,

12   District Judge for the United States District Court for the Central District of

13   California.

14   3.    Since graduating from law school, my practice has focused

15   exclusively on employment litigation.  In September 2007, I began working as an

16   associate attorney at the international law firm of Littler Mendelson P.C., at its Los

17   Angeles office, which according to its website is the "largest U.S.-based law firm

18   exclusively devoted to representing management in every aspect of labor and

19   employment law."  While at Littler Mendelson, I was primarily staffed on wage

20   and hour class actions venued in both state and federal courts, and I also worked on

21   a number of single and multi-plaintiff wage and hour matters as well.  In addition

22   to my wage and hour practice, I also was staffed on a number of single and multi-

23   plaintiff actions primarily asserting claims under California's Fair Employment

24   and Housing Act ("FEHA"), which were venued in both state and federal court.

25   4.    During my employment at Littler Mendelson, I played a significant

26   role in the class actions that I was staffed on, as I was often the only associate

27   staffed on such cases.  In particular, I received a wide-array of wage and hour class

28   action experience performing the following types of tasks: drafting demurrers,

2

1 | motions to strike and/or dismiss; removing actions from state court to federal
2 | court; drafting and responding to written discovery; drafting and opposing
3 | discovery related motions; arguing discovery related motions; drafting motions to
4 | consolidate related matters; interviewing putative class members and obtaining
5 | declarations in connection with class certification; drafting oppositions to motions
6 | for class certification; drafting motions for decertification following class
7 | certification; conducting exposure analyses to assess the strengths and weaknesses
8 | of asserted claims, the likelihood of prevailing at class certification and potential
9 | damages resulting from such claims; drafting mediation briefs; serving as the
10 | primary contact to in-house counsel; deposing named plaintiffs and putative class
11 | members; deposing retained expert witnesses; and defending the depositions of
12 | corporate witnesses.  In short, I played an integral role in all aspects of litigation
13 | from the inception of a matter through and beyond class certification.  I also
14 | supervised the work of several junior attorneys who were staffed on the same wage
15 | and hour class actions.  Although not exhaustive, below is a list of several of the
16 | wage and hour class actions that I performed substantial work on while I was an
17 | associate at Littler Mendelson:

- *Gutierrez v. Schmid Insulation Contractors, Inc.*, Case No. 2:08-cv-06010-DSF-JC, United States District Court, Central District of California, Honorable Judge Dale S. Fisher, presiding.
- *Ohrling v. AMR Corporation*, Case No. INC 041380, California Superior Court, County of Riverside, Indio Branch, Honorable Judge Randall D. White, presiding.
- *Whiteway v. FedEx Kinkos Office and Print Services, Inc.*, Case No. C05-02320 SBA (JCS), United States District Court, Northern District of California, Honorable Judge Saundra Brown Armstrong, presiding.

3

- *Nelson v. YMCA of Metropolitan Los Angeles*, Case No. BC 435814 California Superior Court, County of Los Angeles, Honorable Judge Abraham Kahn, presiding.
- *Joaquin Diaz v. ABM Industries Inc.,* Case No. BC 362932 California Superior Court, County of Los Angeles, Honorable Ruth Ann Kwan, presiding.
- *Maltas v. In-N-Out Burgers Inc., Case No. 30-2008-00180073-CU-OE-CXC, California Superior Court, County of Orange, Honorable Judge Steven Perk, presiding.*

5.     In June 2011, I voluntarily resigned from Littler Mendelson in order to accept an associate attorney position with the international law firm of Morgan, Lewis & Bockius LLP, at its Los Angeles office, where I began working in July 2011.  During my employment at Morgan, Lewis & Bockius LLP, I worked exclusively on the defense of wage and hour class and collective actions.  For the vast majority of these cases, I was the only associate staffed on the matter, and I performed the same job duties as described in the immediately preceding paragraph.  In addition to working on wage and hour class actions, at Morgan, Lewis & Bockius I also worked on a number of "hybrid" actions asserting nationwide wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California-specific claims under Rule 23 of the Rules of Civil Procedure. Although not exhaustive, below is a list of several of the cases that I performed substantial work on while I was an associate at Morgan, Lewis & Bockius:

- *Ruiz-Stupi v. Maxim Healthcare Services, Inc*., Case No. 10-cv-01456-JST-JEM, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.
- *Alexander v. American Express Company*, Case No. SACV 11-00843, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.

HAINES DECLARATION ISO MOTION FOR FINAL SETTLEMENT APPROVAL, CLASS COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND COSTS, AND INCENTIVE PAYMENTS

- *Canfield v. Aramark Sports, LLC*, Case No. 8:11-cv-01628-JST-MLG, United States District Court, Central District of California, Honorable Judge Josephine Staton Tucker, presiding.
- *Williams v. Lockheed Martin Corporation*, Case No. 09-cv-01669-WQH-MDD, United States District Court, Southern District of California, Honorable Judge William Q. Hayes, presiding.
- *Rix v. Lockheed Martin Corporation*, Case No. 3:09-cv-02063-CAB-NLS, United States District Court, Southern District of California, Honorable Judge Cathy Ann Bencivengo, presiding.
- *Smith v. Bimbo Bakeries, USA, Inc.*, Case No. CV12-1689-CAS-PJWx, United States District Court, Central District of California, Honorable Judge Christina A. Snyder, presiding.
- *Cruz v. Sara Lee Corporation*, Case No. CV11-7589 GHK-AJWx, United States District Court, Central District of California, Honorable Judge George G. King, presiding.
- *Swain v. Ryder Integrated Logistics, Inc.*, Case No. 3:10-cv-04192-CRB, United States District Court, Northern District of California, Honorable Judge Charles Breyer, presiding.

6.      Currently, over ninety percent (90%) of my practice is dedicated exclusively to the prosecution of wage and hour class actions, and I am currently responsible for prosecuting over thirty (30) wage and hour class actions filed in both State and Federal courts throughout California.  To date, I have been appointed as Class Counsel in the following matters, all of which have been granted final approval:

- *Hilberger v. Eisenhower Medical Center*, Case No. INC1204915, California Superior Court, County of Riverside, Honorable Judge John G. Evans, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2012 and 2013).

5

- *Lopez v. Cornucopia Tools and Plastics, Inc.*, Case No. CV138049, California Superior Court, County of San Luis Obispo, Honorable Judge Martin J. Tangeman, presiding, (in which I was approved for an hourly rate of $425 for work performed in 2013 and 2014).

- *Tacker v. Compass Health, Inc.*, Case No. CV13-02261 BRO (JCG), United States District Court, Central District of California, Honorable Judge Beverly Reid O'Connell, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Noell v. American Professional Ambulance Corporation, Inc.*, Case No. BC499345, California Superior Court, County of Los Angeles, Honorable Judge Kenneth R. Freeman, presiding, (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Bautista v. Harvest Management Sub LLC*, Case No. CV12-10004 FMO (CWx), United States District Court, Central District of California, Honorable Judge Fernando M. Olguin, presiding (in which I was approved for an hourly rate of $500 for work performed in 2012, 2013 and 2014).

- *Davila v. OCB Restaurant Co.*, Case No. CV13-5403 PA (JCG), United States District Court, Central District of California, Honorable Judge Percy Anderson, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

- *Abad v. Waste Connections, Inc.*, Case No. CV12-06708 DDP (PJWx), United States District Court, Central District of California, Honorable Judge Dean D. Pregerson, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

6

- *Plantillas v. Snap-On Incorporated*, Case No. CV13-05153 DDP (VBKx), United States District Court, Central District of California, Honorable Judge Dean D. Pregerson, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).
- *Theodore v. Keyes European, LLC,* Case No. BC521395, California Superior Court, County of Los Angeles, Honorable Judge Elihu Berle, presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).
- *Morales v. Sunset Tower Hotel LLC*, Case No. BC511924, California Superior Court, County of Los Angeles, Honorable Judge John Shepard Wiley Jr., presiding (in which I was approved for an hourly rate of $500 for work performed in 2013 and 2014).

7.      In addition to the aforementioned cases in which I have been appointed as Class Counsel, I have been preliminarily appointed as Class Counsel in the following class actions:

- *Gonzalez v. Universal Alloy Corp.*, Case No. SACV13-00807 JVS (MRWx), United States District Court, Central District of California, Honorable Judge James V. Selna, presiding.
- *Morawski v. Milt Guggia Enterprises, Inc.*, Case No. CV13-2349 ABC (RZx), United States District Court, Central District of California, Honorable Judge Audrey B. Collins, presiding.

8.      As co-lead counsel for Plaintiffs and the proposed Settlement Class, I have been intimately involved in every aspect of this case from its inception through the present.   The details of the work done in this matter are set forth in detail in the declaration of my co-counsel, Hernaldo J. Baltodano, which is filed concurrently herewith.

HAINES DECLARATION ISO MOTION FOR FINAL SETTLEMENT APPROVAL, CLASS COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND COSTS, AND INCENTIVE PAYMENTS

1      9.      Pursuant to the proposed class action settlement, Defendants have

2   agreed not to oppose Class Counsel's application for reasonable attorneys' fees and

3   costs incurred in litigating this action in amounts not to exceed 30% of the

4   Maximum Settlement Amount or $112,500 in reasonable attorneys' fees and

5   $20,000, in costs, respectively.  As of this date, I have spent approximately 34.9

6   hours on this case at a billable rate of $500 per hour, including hours incurred in

7   preparing for and in anticipation of attending the final fairness hearing on

8   November 10, 2014.  Moreover, an associate in my office, Fletcher W. Schmidt,

9   has spent 79.7 hours on this case, and a paralegal, Aaron Clark has spent

10  approximately 8.9 hours on this case.  Mr. Schmidt received his undergraduate

11  degree from Syracuse University and received his law degree in 2012 from Loyola

12  Law School, Los Angeles.  Mr. Clark is a paralegal; he received his undergraduate

13  degree from Missouri State University, and received his paralegal certificate from

14  Pasadena City College.

15      10.     Fletcher W. Schmidt, Aaron Clark, and I kept contemporaneous

16  records of our hours worked on this case by billing our time in increments of one

17  tenth of an hour into our timekeeping system.  I have access to that timekeeping

18  system and I access it regularly for purposes of assessing the number of attorney

19  and paralegal hours spent working on the various cases our law firm handles.  I

20  relied on these contemporaneously-kept timekeeping records in order to prepare

21  this motion for reasonable attorneys' fees.   My law firm has prepared an attorney

22  and paralegal time report reflecting all of the total hours spent to date working on

23  this case.  If requested by the Court, I can readily make this report available to the

24  Court for an in camera review if the Court deems it necessary.  This report reflects

25  all of my law firm's hours worked on this case including, but not limited to: pre-

26  filing fact investigation and legal research and analysis; interviewing the named

27  plaintiffs; performing on-going legal research and analysis regarding the

28  certification of claims in light of Dukes, Brinker, and Comcast; preparing to

depose Defendants' FRCP 30(b)(6) witnesses and restaurant managers, analysing Plaintiffs' payroll and records of hours worked; discussing case strategy with the named plaintiffs on numerous occasions, both in-person and via telephone; reviewing 5,411 pages of documents; reviewing and analysing class-wide electronic and payroll data produced by Defendants; preparing for mediation and attending mediation; negotiating and drafting the proposed class action settlement; preparing the motions for preliminary and final approval of class action settlement and related memoranda; monitoring the settlement administration process including, but not limited to, the review, analysis, and resolution of claim disputes and deficiencies; preparing the motion for attorneys' fees, costs, and incentive payments; and preparing for and attending the final approval hearing.

11.    To date, my law firm has incurred $14,616.24 in costs.  Attached hereto as Exhibit A is a report reflecting these costs, which include legal research expenses, copying costs, postage and federal express charges, mediation fees, expert fees and parking and mileage costs for hearings and mediation.  Moreover, and as set forth in the declaration of my co-counsel, Hernaldo J. Baltodano, the law firm of Baltodano & Baltodano LLP, has incurred approximately $5,020.02 in costs.  Therefore, our law firms have collectively incurred $19,636.26 in costs.

12.    I believe that my proposed hourly rate of $500 is reasonable in light of my skills, wage and hour class action litigation experience, fee awards to other attorneys of similar experience in the Central District of California, and the Laffey Matrix. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (lodestar should be based on using hourly rates that are "the prevailing market rates in the relevant community").  "Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *See Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010).  Courts in this district have approved similar hourly rates for attorneys with similar experience as Class Counsel. *See, e.g., Gonzalez v.*

1    *USF Reddaway, Inc.*, Case No. 5:10-CV-01514-AHM-OP (C.D. Cal. April 30,

2    2012) (approving hourly rate of $575 for an attorney with 10.8 years in practice in

3    wage and hour class action settlement); *Castro v. UPS Ground Freight, Inc.*, Case

4    No. CV 08-4898 ODW (CWx) (C.D. Cal. September 10, 2009) (approving hourly

5    rate of $500 for 2003 law school graduate in wage and hour class action settlement

6    for work performed in 2008); *Charlebois v. Angels Baseball LP*, Case No. SACV

7    10-0853 DOC (ANx), 2012 WL 2449849 at *5 (C.D. Cal. May 30, 2012) (in 2012,

8    approving hourly rate of $450 for attorney with six years of experience for work

9    performed in 2011); *Plows v. Rockwell Collins, Inc.*, Case No. SACV 10-1936

10    DOC (MANx) (C.D. Cal. August 6, 2012) (approval billable rate of $475 for 2004

11    law school graduate in wage and hour class action settlement for work performed

12    in 2011). As noted above, in paragraph 6, I have previously been approved for an

13    hourly rate of $500 for work performed in 2012, 2013 and 2014.

14        13.     My requested billable rate of $500 is also appropriate under the

15    Laffey Matrix. *See Bond v. Ferguson Enterprises, Inc.*, Case No. 1:09-cv-1662

16    OWW MJS, 2011 WL 2648879 at *12 (E.D. Cal. June 30, 2011) ("One more

17    general way to examine the reasonableness of hourly rates is to compare them to

18    the Laffey Matrix, a widely recognized compilation of attorney and paralegal rate

19    data used in the District of California, frequently used in fee award cases."). The

20    Laffey Matrix has been used in this district. *See, e.g., Fernandez v. Victoria Secret*

21    *Stores, LLC*, Case No. CV 06-04149 MMM (SHx), 2008 WL 8150856 at *14

22    (C.D. Cal. June 21, 2008) ("Here, it is plaintiffs who propose that the Laffey

23    matrix be used to approximate the lodestar. The court therefore accedes to their

24    request."). According to the Laffey Matrix, http://laffeymatrix.com/see.html, for

25    the period June 1, 2013, to May 31, 2014, the hourly rate is $175 for a paralegal,

26    $320 for an attorney who is 1 to 3 years out of law school, $567 for an attorney

27    who is 8 to 10 years out of law school, and $640 for an attorney who is 11 to 19

28    years out of law school.

10

14.     As of the date this Motion was filed, no members of the Settlement Class had filed an objection to the request for attorney's fees, costs, and incentive payment.

15.     In addition to the legal and procedural challenges this lawsuit presented, there were also other practical challenges.  For example, there was a real risk that I would not be compensated for my work because I handled this matter on a purely contingent basis.  Thus, Plaintiffs were not responsible for paying our attorney's fees and we could only recover attorney's fees if Plaintiffs were successful.  By the time I attend the final approval hearing scheduled for November 10, 2014, my co-counsel, Hernaldo J. Baltodano, and I will have litigated this case for over eighteen months with no payment while continuing to bear the risk of non-payment if Plaintiffs were unsuccessful.  Moreover, Mr. Baltodano and I advanced all litigation costs on a contingency basis, which also carried risk because our law firms would not recoup their costs in the event that Plaintiffs did not prevail in this lawsuit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on October 10, 2014, at Los Angeles, California.

__/s/Paul K. Haines_____

Paul K. Haines

HAINES DECLARATION ISO MOTION FOR FINAL SETTLEMENT APPROVAL, CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND INCENTIVE PAYMENTS

# Exhibit A

**Boren, Osher & Luftman LLP**

**Expense Summary – *Morawski v. AJ Spurs***

| EXPENSE | AMOUNT |
|---|---|
| Copying and Postage Costs | $594.96 |
| Mediation Fees | $6,500.00 |
| Filing and Messenger Fees | $684.40 |
| Legal Research | $794.36 |
| Parking and Mileage | $63.52 |
| Data Expert Fees | $5,979.00 |
| **TOTAL:** | **$14,616.24** |