# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN MORAWSKI and JOSE L. CORTEZ as individuals and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   vs.<br><br>A.J. SPURS RESTAURANT – SANTA MARIA, INC., a California Corporation; A.J. SPURS – BUELLTON, INC., a California Corporation; A.J. SPURS – TEMPLETON, INC., a California Corporation; MILT GUGGIA ENTERPRISES, INC., dba A.J. SPURS SALOON & DINING HALL, a California Corporation; and DOES 1 through 10,<br><br>          Defendants. | Case No.  CV13-2349 AB (RZx)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. André Birotte Jr.<br>Date:    November 10, 2014<br>Time:    10:00 a.m.<br>Dept.:   790 |

This matter came on for hearing on November 10, 2014, at 10:00 a.m., in Courtroom 790 of the United States District Court for the Central District of California before the Honorable André Birotte Jr.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives, Defendants A.J. Spurs Restaurant – Santa Maria, Inc., A.J. Spurs – Buellton, Inc., A.J. Spurs – Templeton, Inc., and Milt Guggia Enterprises, Inc. ("Defendants"), and all members of the Settlement Class, which is defined as follows:

> All non-exempt, hourly employees who were employed by Defendants in California at any time from April 2, 2009 to July 8, 2014.

2.      The term Settlement Agreement shall refer to the Joint Stipulation of Class Action Settlement filed by the Class Representatives on June 16, 2014, and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3.      The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

[PROPOSED] ORDER GRANTING FINAL APPROVAL

4.     The Court finds that the distribution by U.S. first-class mail of the Notice Packets constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed members of the Settlement Class of the terms of the settlement, their right to object to the settlement or Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representatives' Incentive Payments, their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the settlement and Class Counsel's motion for Attorneys' Fees and Costs and the Class Representatives' Incentive Payments, and right to elect not to participate in the Settlement and pursue their own remedies, or to do nothing and claim a share of the settlement proceeds. Adequate periods of time were provided by each of these procedures.  No members of the Settlement Class objected to the Settlement Agreement or Class Counsel's motion for Attorneys' Fees and Costs and the Class Representative's Incentive Payment, and only 3 Settlement Class members (approximately 0.8%) opted out of the Settlement.

5.     The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a), 23(b)(3) and 29 U.S.C. § 216(b).  Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Settlement Class, as defined above. Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

[PROPOSED] ORDER GRANTING FINAL APPROVAL

6.      The Court approves the settlement of the Action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendants (collectively the "Settling Parties").  The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7.      Except as to any individual member of the Settlement Class who has validly and timely opted out of the settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and the members of the Settlement Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

8.      By this Judgment, the Class Representative and Settlement Class Members, other than those who timely and valid opted-out of the Settlement (collectively "the Releasing Settlement Class Members"), hereby release Defendants and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as defined in the Settlement Agreement).

9.      By this Judgment, the Releasing Settlement Class Members and Class Counsel shall be deemed to have released all claims for attorneys' fees and costs incurred in connection with the Litigation and the Settlement of the Litigation.

10.     The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Settlement Class Members from prosecuting any of the Released Claims.  The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

4

[PROPOSED] ORDER GRANTING FINAL APPROVAL

11.     The Court finds that the plan of allocation for the shares of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable and that distribution of the Net Settlement Amount to the Settlement Class shall be done in accordance with the terms outlined in the Class Notice and Settlement Agreement.

12.     The Court hereby orders the appointment of Barbara Ann Morawski and Jose L. Cortez as Class Representatives for the Settlement Class for purposes of settlement.

13.     The Court hereby orders the appointment of Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines of Boren, Osher & Luftman LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

14.     Defendants have agreed for the Claims Administrator to pay from the Maximum Settlement Amount:  (i) the Claims Administrator its reasonable fees for its services; (ii) the PAGA Penalty Payment to the LWDA; and (iii) the Incentive Payments to the Class Representatives to reimburse them for their valuable services to the Settlement Class.  The Court hereby approves the payment of settlement administration costs in the amount of $17,000 to CPT Group, Inc., the Claims Administrator, for services rendered in this matter.  The Court hereby approves the payment of the PAGA Penalty to the CLWDA in the amount of $1,875.  The Court also approves Incentive Payments to the Class Representatives in the amount of $2,500 each, to reimburse the Class Representatives for their valuable services in initiating and maintaining this litigation.  The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

15. The Court hereby awards to Class Counsel the amount of $112,500 for attorneys' fees and the amount of $ 19,636.26 for costs.  Based on Plaintiffs' Motion for Class Counsels Request for Attorney's Fees and Costs, and Class Representative Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Settlement Class, and that the requested attorneys' fees awarded are reasonable after comparing the lodestar calculation.  The Court finds this payment to be fair and reasonable.  The Claims Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

16. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2014        _____

The Honorable André Birotte Jr.
United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL