1

2

3

4

5

6

7

8

9

10

11

12

13

14

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN MORAWSKI, and JOSE L. CORTEZ as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A.J. SPURS RESTAURANT – SANTA MARIA, INC., a California Corporation; A.J.SPURS – BUELLTON, INC., a California Corporation; A.J. SPURS – TEMPLETON, INC., a California Corporation; MILT GUGGIA ENTERPRISES, INC., dba A.J. SPURS SALOON & DINING HALL, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV13-2349 AB (RZx)<br>*Assigned for All Purposes To:*<br>Honorable André Birotte, Jr.<br><br>Dept. 680<br><br>**DECLARATION OF ANI SHIRINIAN OF CPT GROUP, INC. IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ADMINISTRATION EXPENSES**<br><br>Date:   November 10, 2014<br>Time:   10:00 a.m.<br>Dept.   790<br><br>Complaint Filed:  April 2, 2013 |

26

27

28

1        **DECLARATION OF ANI SHIRINIAN OF CPT GROUP, INC.**

2        I, Ani Shirinian, declare as follows:

3        1.      I am the Case Manager for CPT Group, Inc., the Court-appointed

4 class action claims administrator for *Morawski, et al. v. A.J. Spurs Restaurant, et*

5 *al.* I have personal knowledge of the facts set forth in this Declaration and, if

6 called as a witness, could and would testify competently thereto.

7        2.      CPT Group, Inc. ("Claims Administrator") has extensive

8 experience in providing notice of class actions and administering class action

9 settlements. In the past 26 years, we have provided notification and/or claims

10 administration services in hundreds of class action cases. Claims Administrator

11 was selected by the parties to provide notice of the settlement and process

12 claims and exclusions in this action. In this capacity, Claims Administrator was

13 charged with (a) printing and mailing to class members a *Notice of Proposed*

14 *Class Action Settlement,* a *Claim Form,* a *Request for Exclusion Form* and a

15 *Pre-Metered Return Mailing Envelope,* in English and Spanish (hereinafter

16 collectively referred to as "Notice Packets"); (b) processing undeliverable mail

17 and locating updated addresses for class members; (c)receiving other

18 communications about the settlement; (d) mailing a reminder postcard to Class

19 Members who had not submitted a Claim Form or Request for Exclusion; (e)

20 notifying the parties of the number of class members that filed timely claims and

21 requests for exclusion; (f) establishing and maintaining a toll-free case hotline

22 through which class members could speak to case representatives regarding

23 case-specific questions; (g) filing any required reports with the Court; (h)

24 issuing and mailing settlement checks to class members, including the

25 enhancement checks to the named plaintiffs; and (i) preparing and reporting

26 applicable taxes to State and Federal tax authorities.

27        3.      Claims Administrator received the Court-approved text for the

28 Notice Packets from class counsel on July 11, 2014.

- 1 -

4.      Claims Administrator prepared a draft of the Notice Packets for mailing to class members. The mailing consisted of an 8-page Notice, a 1-page Claim Form, a 1-page Exclusion Form, and a Pre-Metered Return Mailing Envelope in English and Spanish.

5.      On July 23, 2014 and July 30, 2014, the Claims Administrator received data files from defense counsel containing each class member's name, last-known mailing address, last-known telephone number, social security number and set of employment dates. After combining duplicate records and removing individuals who did not meet the Class Member definition, the final class list contained Three-Hundred and Sixty-Two (362) class members.

6.      On August 15, 2014, the Claims Administrator caused a National Change of Address (NCOA) search to be performed in attempt to update the class list of addresses as accurately as possible. A search of this database provides updated addresses for any individual who has moved in the previous four years and notified the U.S. Postal Service of his or her change of address.

7.      The Notice Packets were enclosed in envelopes with the names and known addresses printed on them.  On August 18, 2014, the Notice Packets were mailed via U.S. first-class mail to the class members.  A copy of the Notice Packet documents as sent to Class Members is attached hereto as **Exhibit "A"** to this Declaration, which is a true and correct copy of the Class Notice, Claim Form, Request for Exclusion Form and Pre-Metered Return Mailing Envelope in English and Spanish.

8.      On September 17, 2014, CPT completed a Reminder Postcard mailing, in English and Spanish, to Two-Hundred and Ninety (290) Class Members who had not submitted a response as of September 17, 2014. Attached hereto as **Exhibit "B"** is a true and correct copy of the Reminder Postcard template.

DECLARATION OF ANI SHIRINIAN OF CPT GROUP IN SUPPORT OF FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND AWARD OF ADMINISTRATION FEES CASE NO. CV13-2349 ABC (RZx)

9.    On September 19, 2014 and October 2, 2014, the Claims Administrator received a request to be added to the Class from Pedro Evangelista and Gina Scarcello, respectively. These requests were forwarded to Defense Counsel for review.

10.    As of the date of this declaration, Three (3) Notice Packets were returned to our office by the Post Office, none of which were inclusive of a forwarding address. CPT performed a Skip Trace to locate new addresses using Accurint. After receiving updated address information for two of the three Class Members, CPT re-mailed Notice Packets to the Class Members for whom updated address information was provided. Pursuant to the Settlement Agreement, the deadline to submit a Claim Form or Request for Exclusion Form is to be extended by 14 days for Class Members who are re-mailed Notice Packets after their original Notice Packet was returned as undeliverable. Therefore, the deadlines for the aforementioned Two (2) Class Members have been extended to October 31, 2014.

11.    As of the date of this declaration, Ten (10) Notice Packets have been re-mailed by CPT as a result of Class Member request, through receipt of an updated address from counsel, or as a result of locating a better address via Skip Trace.

12.    As of the date of this declaration, One (1) Notice Packet has ultimately been deemed undeliverable as no new address was found after completing a Skip Trace.

13.    As of the date of this declaration, the Claims Administrator has received a total of One-Hundred and Ten (110) responses.

14.    As of the date of this declaration, the Claims Administrator has received Three (3) Requests for Exclusion.

15.    As of the date of this declaration, there are no disputes.

- 3 -

16.    As of the date of this declaration, there are Four (4) deficient responses. CPT has mailed out deficiency letters to these Class Members with instructions on how to cure their deficiencies.

17.    As of the date of this declaration, there are no late claims.

18.    As of the date of this declaration, there is One (1) invalid response caused by a Class Member submitting a duplicate Claim Form.

19.    As of the date of this declaration, Claims Administrator has not received any objections.

20.    The final class list consisted of Three-Hundred and Sixty-Two (362) Class Members. As of the date of this declaration, and assuming all deficiencies are cured, the Claims Administrator will report that there are a total of One-Hundred and Six (106) Class Members who have submitted a Claim Form , representing a response rate of 29.28% in comparison to all Class Members.

21.    There are a total of 28,374.19 class work weeks.  As of this date, the One-Hundred and Six (106) Claim Forms represent 9,949.96 or 35.07% of the total class work weeks.

22.    After subtracting all preliminary Court approved deductions from the Gross Settlement Amount, the Net Settlement Amount available to Class Members is approximately $218,625.00. The preliminary Court approved deductions are as follows:

a. Plaintiffs' Attorneys' Fees: $112,500.00

b. Plaintiffs' Attorneys' Costs: $20,000.00

c. Class Representative Enhancement: $5,000.00

d. Claims Administration Costs: $17,000.00

e. LWDA – PAGA Payment: $1,875.00

- 4 -

23.     As of this date, the One-Hundred and Six (106) valid claimants will receive payment out of the $109,312.50 Minimum Payout, which is 50% of the $218,625.00 Net Settlement Amount.

24.     After re-allocating the Net Settlement Amount to the valid claimants subject to meet the 50% Minimum Payout requirement, the average settlement payment per valid claimant is approximately $1,031.25. The highest estimated settlement payment is approximately $2,787.35.

25.     The Claim Form is indicative of an October 17, 2014 postmark deadline; therefore, the claims reporting herein are subject to change. CPT will prepare a Supplemental Declaration to update the Court of any further responses received between the date of this Declaration and the date of the Final Approval Hearing.

26.     CPT Group, Inc. will charge $17,000.00 for fees associated with the administration of the settlement.  This includes all costs incurred to date, as well the estimated costs involved in completing the settlement. Attached hereto as **Exhibit "C"** is a statement and invoice detailing the costs of settlement administration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 6th day of October, 2014 at Irvine, California.

Ani Shirinian

Exhibit A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.*
**United States District Court, Central District of California**
**Case No.: CV13-2349 ABC (RZx)**

## You May Be Entitled To Receive Money

If you are a non-exempt hourly employee who worked for A.J. Spurs Restaurant-Santa Maria, Inc., A.J. Spurs-Buellton, Inc., A.J. Spurs-Templeton, Inc., or Milt Guggia Enterprises, Inc. ("AJ Spurs" or "Defendants")
You May Be Entitled to Participate in a Class Action Settlement.

*This is not a solicitation. The United States District Court, Central District of California requires this notice.*

**You are not being sued.   Your legal rights are affected whether you act or not.**

### WHAT IS IN THIS NOTICE?

| | | |
|---|---|---|
| 1. | Summary of Settlement | 2 |
| 2. | Why You Should Read This Notice. | 2 |
| 3. | Definitions | 2 |
| 4. | Background of Settlement | 3 |
| 5. | The Proposed Settlement | 4 |
| 6. | What Are My Rights?  How Will My Rights Be Affected? | 5 |
| 7. | Who are The Parties in This Class Action? | 7 |
| 8. | Who Are The Attorneys Representing the Parties? | 7 |
| 9. | How Will the Attorneys for the Case be Paid? | 7 |
| 10. | Notice of Hearing of Final Approval and Objections to Class Action Settlement | 7 |
| 11. | Examination of Papers and Inquiries | 8 |
| 12. | Change of Address | 8 |

| 1. | *Summary of Settlement* |
|---|---|

**\*\* If you are a current employee of AJ Spurs, your decision as to whether to submit a Claim Form will <u>not</u> affect your employment with AJ Spurs. You cannot be retaliated against because you decide to share in this Class Action Settlement. \*\***

Two former employees sued AJ Spurs alleging violations of California and Federal law.

The lawsuit alleges that AJ Spurs:
1) did not pay all the overtime wages that were owed to its employees;
2) did not provide its employees with proper meal and rest breaks;
3) did not pay all wages due within the required time; and
4) did not provide employees with accurate itemized wage statements;

The lawsuit asked for AJ Spurs to be ordered to correct these violations and pay wages, interest and penalties to non-exempt, hourly employees who were employed by AJ Spurs in California after April 2, 2009.

AJ Spurs denies any wrongdoing or that it has violated any laws and denies that there is any merit to these claims. However, AJ Spurs has agreed to pay up to $375,000 to settle the lawsuit in order to avoid the time and expense of continuing to defend the lawsuit.

AJ Spurs has identified you as a non-exempt, hourly employee who was employed by AJ Spurs in California at any time from April 2, 2009 through July 8, 2014, who may be entitled to some money from the settlement. This Notice explains the important terms of this settlement, how it affects you and how you may be able to get paid. Please read it carefully.

| 2. | *Why You Should Read This Notice.* |
|---|---|

This Notice explains your rights to share in the settlement, or to object to the settlement, or your right to exclude yourself from the settlement (sometimes referred to as to "opt-out" of the settlement). The United States District Court, Central District of California has conditionally certified a class action lawsuit for settlement purposes only against AJ Spurs and directed that this Notice be sent to you.

If you do not respond to this Notice within the timeframe indicated you may lose any right you have to bring the same claims against AJ Spurs and, by operation of law, you will be bound by the Release of Claims listed in Paragraph 5.

The Court will hold a Final Approval Hearing concerning the proposed settlement on November 10, 2014 at 10:00 a.m. in Department 680 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012.

| 3. | *Definitions* |
|---|---|

a. "Action" and "Class Action" mean the lawsuit herein, generally known as *Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.*, United States District Court, Central District of California, Case No. CV13-2349 ABC (RZx).

b. "Claims Administrator" means CPT Group, Inc., the company that will administer the Class Action Settlement.

c. "Class" and "Class Member(s)" means:

A class of all non-exempt, hourly employees who were employed by AJ Spurs in California at any time from April 2, 2009 to July 8, 2014.

Notice of Proposed Class Action Settlement

d.  "Final Order" refers to the order of the Court granting final approval of the Class Action Settlement (defined below) and entering a judgment approving the Settlement.

e.  "Effective Date" is defined as: (i) the date upon which the Court grants final approval of the Settlement if no Class Members file objections to the Settlement; or (ii) if a Class Member files an objection to the Settlement, the Effective Date shall be the date thirty (30) days after the date upon which the Court grants final approval of the Settlement if no appeal is initiated by an objector; or (iii) if a timely appeal is initiated by an objector, the Effective Date shall be the date of final resolution of that appeal (including any requests for rehearing and/or petitions for *certiorari*), resulting in final judicial approval of the Settlement.

f.  "Final Fairness and Approval Hearing" means the hearing to determine whether the Class Action Settlement should be finally approved as fair, reasonable, and adequate.

g.  "Settlement Class Member" means any person who is a Class Member and who does not timely and validly exclude themselves from the Class in compliance with the exclusion procedures set forth in this Notice.

h.  "Judgment" refers to the judgment entered by the Court in conjunction with the Final Order.

i.  "Maximum Settlement Amount" means the up to Three-Hundred and Seventy-Five Thousand Dollars ($375,000.00) to be paid by AJ Spurs as provided by this Agreement to settle this Action on a reversionary basis.

j.  "Defendants" or "AJ Spurs" means Defendants A.J. Spurs Restaurant-Santa Maria, Inc., A.J. Spurs-Buellton, Inc., A.J. Spurs-Templeton, Inc., or Milt Guggia Enterprises, Inc.

k.  "Plaintiffs" and "Class Representatives" means Barbara Ann Morawski and Jose L. Cortez.

l.  "Settlement" and "Class Action Settlement" mean the terms and conditions of the proposed settlement of the Action set forth in the *Joint Stipulation of Class Action Settlement* filed with the Court and as approved.

| 4. | *Background of Settlement* |
|---|---|

The parties and their attorneys have conducted extensive investigations of the facts and law including a review of a sampling of payroll and timekeeping records.  The attorneys have analyzed the law as it relates to Plaintiffs' allegations, AJ Spurs' defenses and the damages claimed by Plaintiffs. The Court has not decided any of the factual or legal allegations made against AJ Spurs.

Plaintiffs and their attorneys believe that the claims have merit.  However, they recognize the expense and time involved with protracted litigation, as well as the possibility that Plaintiffs will not be able to prove some or all of their claims. Without this settlement, Plaintiffs would have to secure class certification over AJ Spurs' objection, the outcome of which is very uncertain.  Additionally, at trial, AJ Spurs would have the right to argue it did not violate the law.  This case involves many unresolved factual and legal issues.  In Plaintiffs' counsels' judgment, were this case to proceed, it is uncertain whether Plaintiffs would succeed at the certification stage, whether AJ Spurs would be found to have violated the law, as alleged, and whether the amount of damages awarded would be more than the amount of the proposed Settlement.

Thus, Plaintiffs and Plaintiffs' counsel engaged in extensive arm's-length negotiations with AJ Spurs and their attorneys, which included mediation with an experienced, neutral mediator.  The negotiations and mediation led to the proposed Class Action Settlement.  Plaintiffs and Plaintiffs' counsel believe that the Class Action Settlement is fair, reasonable and adequate, and in the best interests of the Class and Class Members in light of the litigation risks.

AJ Spurs believes that the claims asserted in the Action are without merit.  Accordingly, AJ Spurs has denied and continues to deny Plaintiffs' claims and all charges of wrongdoing and liability.  Although AJ Spurs has contested the allegations in the Action and denies that it committed any wrongdoing or violation of law, AJ Spurs understands that further litigation of this case would be protracted, expensive, and contrary to its best interests.  Substantial amounts of

time, energy, and resources have already been devoted to defending the Action, which are certain to continue and increase exponentially in the absence of a settlement. Therefore, AJ Spurs believes that the Settlement is the best way to resolve the Action while minimizing its own further expenditures and disruption to its business.

## 5.    *The Proposed Settlement*

Without admitting AJ Spurs did anything wrong, AJ Spurs has agreed to pay $375,000.00 (the "Maximum Settlement Amount") to resolve the Action, which includes payment of:

(1) Class Counsels' attorney's fees (not to exceed $112,500 or as otherwise approved by the Court); (2) Class Counsels' verified costs of litigation (not to exceed $20,000 or as otherwise approved by the Court); (3) Class Representative Enhancements ($2,500 each) to both of the named plaintiffs Barbara Ann Morawski, and Jose L. Cortez (collectively not to exceed $5,000 or as otherwise approved by the Court); (4) a payment to the California Labor and Workforce Development Agency ($1,875.00); and (5) The Claims Administrator's fees (not to exceed $20,000). The Maximum Settlement Amount minus these payments 1 through 5 will constitute the Net Settlement Amount, which is estimated at $215,625. At least fifty-percent of this amount is guaranteed to be paid out regardless of the number of valid claims that are filed, and assuming that the number of individuals who opt-out of the Class does not exceed 10% of the total class size.

The following is a summary of the Settlement provisions. The specific and complete terms of the proposed Settlement are stated in the *Joint Stipulation of Class Action Settlement*, a copy of which is on file with the Court and the Claims Administrator.

**Individual Settlement Payments**

Each Class Member who submits a valid and timely Claim Form (Participating Class Member) by October 17, 2014 shall be eligible to receive his/her Individual Settlement Payment, which shall be based on information contained in AJ Spurs' pertinent payroll records, and calculated as follows:

The Net Settlement Amount shall be allocated the Participating Class Members as follows:

> a)      Ten percent (10%) of the Net Settlement Amount will be distributed, on a pro-rata basis, to all Settlement Class Members who separated their employment from Defendants between April 2, 2010 and July 8, 2014.

> b)      Defendants will then calculate the total Compensable Workweeks for all Settlement Class Members collectively. The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Settlement Class Member's Payment Ratio will then be multiplied by the remaining Net Settlement Amount to determine his or her Individual Settlement Payment.

 "Compensable Workweeks" are defined as the number of weeks worked by Settlement Class Members during the period from April 2, 2009 to July 8, 2014 according to Defendants' payroll records, or as otherwise agreed to by Defendants. A workweek shall only be counted as "worked" if the Settlement Class Member worked and was present during at least one shift during that calendar week. The number of each Settlement Class Member's Compensable Workweeks is set forth on his/her Claim Form included with this Notice. If a Class Member disagrees with the number of Compensable Workweeks set forth on his/her Claim Form, he/she can dispute the amount by providing documentation to the Claims Administrator supporting a different amount. The Claims Administrator will make the final determination as to the correct number of Compensable Workweeks to be used in calculating each Individual Settlement Payment and that determination is non-appealable.

The estimated amount of your Individual Settlement Payment is indicated in the Claim Form. Please keep in mind this is only an estimate and may be increased or decreased as a result of final calculations performed during the claims administration process. Specifically, the actual amounts will depend upon the number of Class Members who make

claims under the Settlement, the actual amount of Compensable Workweeks each of them presents, the costs of claims administration, as well as the amounts of attorney's fees, verified litigation expenses, Class Representative enhancement payments that are awarded by the Court, and payment to the California Labor Workforce Development Agency. In addition, please be aware that a portion of your settlement payment is deemed wages and will be reduced by your share of taxes and withholdings. For non-wage income, you shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made to you. No representations have been made as to the taxability of any portions of these amounts, or the payment of any costs or an award of attorney's fees. If you have any questions about the tax treatment of your Settlement payment, please consult your accountant or tax preparer. Neither the Plaintiffs, nor Class Counsel, nor AJ Spurs make any representations concerning the tax consequences of this Settlement or your participation in it.

**Claims Payment.** AJ Spurs will pay all properly **completed, signed,** and **timely** claims through the Claims Administrator, in accordance with the terms of the Class Action Settlement, after the Court has entered its Final Order granting final approval of the Settlement. Payments will begin after the Effective Date.

**No Effect On Employee Benefit Plans.** Amounts paid to Plaintiffs or other Settlement Class Members pursuant to this Agreement do not represent a modification of any previously credited hours of service under any employee benefit plan or policy sponsored by AJ Spurs. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, any AJ Spurs-sponsored benefit plans, policies or programs. Any payments made under the terms of this Agreement shall not be applied retroactively, currently or on a going-forward basis as salary, earnings, wages or any other form of compensation for the purposes of any AJ Spurs' sponsored benefit plan, policy or bonus program, including, but not limited to, vacation, leave, and sick policies. AJ Spurs retains the right to modify the language of any benefit plan, policy and program to effectuate this intent and to make clear that any amounts paid pursuant to this Agreement are not for any measuring term as defined by applicable plans, policies, and programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Agreement..

**Released Claims.** If approved by the Court, all members of the Settlement Class will fully release and discharge Defendants and their parent companies, subsidiaries, affiliated companies, employees, directors, offices, and agents from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and descriptions whatsoever, that are based on or reasonably related to the wage and hour claims that were or could have been asserted in the Complaint (and any amended Complaints) filed in this Action, and specifically the following claims: claims for unpaid wages (including claims for overtime wages, and meal and rest period premiums), interest, penalties (including waiting time penalties pursuant to Labor Code  § 203) claims for failure to reimburse all business expenses pursuant to Labor Code § 2802, wage statement penalties pursuant to Labor Code § 226, and civil penalties pursuant to the Private Attorneys General Act of 2004 ( Labor Code §§ 2698, et seq.) ("PAGA"), claims pursuant to Labor Code §§ 201-204, 206.5, 210-214, 216, 218, 218.5, 226, 226.3, 226.7, 510, 512, 551-552, 558, 1174, 1182.12, 1194, 1194.2, 1198, 2802 and 2699, et seq., Code of Civil Procedure § 1021.5, California Code of Regulations, Title 8, §§ 11010 and 11040, the Industrial Welfare Commission Wage Orders, claims under Business and Professions Code §§ 17200, *et seq.*, the Fair Labor Standards Act, claims for attorneys' fees and costs, and unfair business practices. The Released Claims include all claimed or unclaimed compensatory, consequential, incidental and liquidated damages, restitution, interest, costs and attorneys' fees, injunctive or equitable relief, and any other remedies available at law or equity alleged owed or available to the Settlement Class Members arising or reasonably flowing from the wage and hour claims that were or could have been asserted in the Complaint (and any amended Complaints) filed in this Action for the time period from April 2, 2009 up to and including July 8, 2014.

| 6. | *What are My Rights?  How Will My Rights Be Affected?* |
| --- | --- |

### A. To Submit a Claim to Receive Your Share of the Settlement Proceeds

To get money from the Settlement, you <u>must</u> timely complete the enclosed Claim Form properly, **sign it** and return it to the Claims Administrator via fax or at the address listed below on or before October 17, 2014. **Failure to sign and return the Claim Form by the above deadline will prevent you from receiving your share of the Settlement, but you will still be bound by the Settlement unless you timely opted-out (as set forth in the next section).** Class Counsel,

appointed and approved by the Court for purpose of the Class Action Settlement only, will represent you. Please submit any claims via facsimile, or the self-addressed Claim Form via mail to the following address:

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Phone: 1-866-533-2173
Fax: (949) 419-3446

### B.  To Request Exclusion from the Class Action Settlement

You may request exclusion (opt out) from the Class Action and the Settlement if you comply with the opt-out procedures stated below.  To request exclusion, you must complete, sign and mail the enclosed Request for Exclusion form so that it is signed and postmarked or faxed no later than October 17, 2014.  **Class Members who elect to opt out of the Class Settlement will not receive any monetary payment under the Class Settlement nor will they be considered to have released their claims.**  Do not submit both a Request for Exclusion form and a Claim Form.  If you do, the Claim Form will be deemed void and the Request for Exclusion processed. Please submit any exclusion requests via facsimile, or the self-addressed Exclusion Form via mail to the following address:

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Phone: 1-866-533-2173
Fax: (949) 419-3446

The Final Order and Judgment following approval by the Court will bind all Class Members who do not request exclusion from the Class Action Settlement.

### C.  To Object to the Class Action Settlement

Any Class Member who has not opted out of the proposed Settlement and who desires to object to the proposed Settlement must follow the procedure set forth in this subsection C and in Section 10 below in order to appear in person or through counsel at the Final Fairness and Approval Hearing, on the date set forth below, and to be heard as to why the Settlement should not be approved as fair, reasonable, and adequate.

No person will be heard or entitled to object and no papers or briefs submitted by any such person will be received or considered by the Court unless, no later than October 17, 2014, he or she files with the Court at  Department 680 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012 and with Plaintiffs' and AJ Spurs' counsel, at the addresses indicated below in section 8, a written Notice of Intention to Appear at the Final Fairness and Approval Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the hearing, and serves copies of all such documents filed with the Court by mail or other lawful means on the attorneys listed above no later than October 17, 2014.

Any Class Member who does not make and serve his or her written objections and/or notice of intention to appear within the time and in the manner provided above will be deemed to have waived such objections and will be foreclosed from making any objections (by appeal or otherwise) to the proposed Class Action Settlement.  Any Class Member who is satisfied with the Class Settlement need not appear at the Final Fairness and Approval Hearing.

**If you intend to object to the Settlement, but wish to claim a share of the Settlement proceeds, you must timely return your Claim Form as indicated above.  If the Court approves the Class Action Settlement despite any objections and you have not returned your Claim Form, you will NOT receive a share of the Settlement proceeds and will be forever barred from asserting any of the claims described above as Released Claims.**

If the proposed Class Action Settlement is approved by the Court, a Final Order will be signed by the Court that will resolve the Released Claims to the extent provided in the Final Order and Judgment and will permanently bar all members of the Final Settlement Class from prosecuting any and all Released Claims against the Released Parties.

Notice of Proposed Class Action Settlement

If the Settlement is approved and you submit a **timely** and valid Claim Form, you will receive compensation and will be forever barred from asserting any of the claims described above as Released Claims.  **If the Settlement is approved and you have done nothing, you will not receive any of the Settlement monies and you will be forever barred from asserting any of the claims described above as Released Claims.**

**7.    Who are the Parties in this Class Action?**

Barbara Ann Morawski and Jose L. Cortez are the Plaintiffs and Class Representatives in this Class Action lawsuit, acting on behalf of themselves and on behalf of other current and former non-exempt hourly employees of AJ Spurs.

The Defendants are A.J. Spurs Restaurant-Santa Maria, Inc., A.J. Spurs-Buellton, Inc., A.J. Spurs-Templeton, Inc., and Milt Guggia Enterprises, Inc.

**8.    Who are the Attorneys Representing the Parties?**

Attorneys for Plaintiffs & the Class Members are:

BALTODANO & BALTODANO LLP
Hernaldo J. Baltodano (SBN 222286)
Erica Flores Baltodano (SBN 222331)
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Telephone:  (805) 322-3412
Facsimile:   (805) 322-3413

BOREN, OSHER & LUFTMAN LLP
Paul K. Haines (SBN 248226)
Fletcher W. Schmidt (SBN 286462)
5900 Wilshire Blvd., Suite 920
Los Angeles, California  90036
Telephone:  (323) 937-9900
Facsimile:   (323) 937-9910

Attorneys for Defendants are:

GORDON & REES LLP
Jon C. Yonemitsu, (SBN 199026)
Lisa A. Hill (SBN 223995)
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

**9.    How Will the Attorneys for the Case be Paid?**

The attorneys for the Plaintiffs and Class Members will be paid from the Maximum Settlement Amount.  The attorneys will ask for up to $112,500 for their fees, and up to $20,000.00 for verified litigation costs, the actual amount of which will be determined by the Court.  If approved by the Court, Enhancement Awards for Class Representatives Barbara Ann Morawski and Jose L. Cortez not to exceed Two-Thousand Five-Hundred Dollars ($2,500) each will be paid from the Maximum Settlement Amount for their service as Class Representatives.

**10.    Notice of Hearing on Final Approval and Objections to Class Action Settlement**

You are hereby notified that a Final Fairness and Approval Hearing will be held on **November 10, 2014 at 10:00 a.m.,** in Department 680 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, to determine whether the proposed Class Action Settlement is fair, reasonable, and adequate, and should be finally approved by the Court.  The Court may adjourn or continue the hearing from time to time, without further notification, as the Court may direct.

Any Class Member who has not requested exclusion (opted out) from the Settlement, who objects to the proposed Settlement, and who has followed the procedure set forth in Section 6 (C) above, may appear in person or through counsel at the Final Fairness and Approval Hearing, described above, and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a dismissal with prejudice should or should not be entered.

**11.** *Examination of Papers and Inquiries*

The foregoing is only a summary of the Action and the proposed Class Action Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the proposed Class Action Settlement, you may refer to the pleadings, the *Joint Stipulation of Class Action Settlement*, and other papers filed in the Action, which may be inspected between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, in the Clerk's Office of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street, Room G-8, Los Angeles, California 90012, or online through the PACER Case Locator at www.pacer.gov/findcase.

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS** regarding deadlines for submission of documents, dates for distribution of individual settlement checks or claims administration matters you may contact the Claims Administrator, CPT Group, Inc. If you have other questions regarding the settlement you may call Class Counsel, Hernaldo J. Baltodano at (805) 322-3412, or Paul K. Haines at (323) 937-9900. Please refer to the *Morawski, v. A.J. Spurs Restaurant* Class Action Settlement.

**DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS PROPOSED SETTLEMENT OR THE CLAIM PROCESS.**

**DO NOT CONTACT AJ SPURS OR THEIR MANAGERS FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**12.** *Change of Address*

It is your responsibility to keep the Claims Administrator apprised of your correct address at all times until receipt of your settlement check(s). Please sign and mail or fax any change of address along with your social security number, former address, and new address to:

<div align="center">

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Phone: 1-866-533-2173
Fax: (949) 419-3446

</div>

# AVISO DE ACUERDO PROPUESTO EN UNA DEMANDA COLECTIVA

### *Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.*
### Corte de Distrito de los Estados Unidos, Distrito Central de California
### Caso No.: CV13-2349 ABC (RZx)

### Usted puede tener derecho a recibir dinero

Si usted es un empleado por hora no exentos que trabajaba para "A.J. Spurs Restaurant-Santa Maria, Inc.", "A.J. Spurs-Buellton, Inc.", "A.J. Spurs-Templeton, Inc." o "Milt Guggia Enterprises, Inc."
("AJ Spurs" o "Demandados")
Usted puede tener derecho a participar en un Acuerdo de Demanda Colectiva.

*Esto no es una solicitud. La Corte de Distrito de los Estados Unidos, Distrito Central de California requiere este aviso.*

**Usted no está siendo demandado.** Sus derechos legales se verán afectados actúe usted o no.

### ¿LO QUE CONTIENE ESTE AVISO?

| | | |
|---|---|---|
| 1 | Resumen del Acuerdo | 2 |
| 2. | Por qué debe usted leer este Aviso | 2 |
| 3. | Definiciones | 2 |
| 4. | Antecedentes del Acuerdo | 3 |
| 5. | El Acuerdo Propuesto | 4 |
| 6. | ¿Cuáles son mis derechos? ¿Cómo se verán afectados mis derechos? | 6 |
| 7. | ¿Quiénes son las partes en esta Demanda colectiva? | 7 |
| 8. | ¿Quiénes son los abogados que representan a las Partes? | 7 |
| 9. | ¿Cómo se les pagará a los abogados del Caso? | 7 |
| 10. | Aviso de Audiencia de Aprobación Final y Objeciones al Acuerdo de Demanda Colectiva | 8 |
| 11. | Examen de Documentos y Consultas | 8 |
| 12. | Cambio de dirección | 8 |

## 1.     Resumen del Acuerdo

**\*\* Si usted es un empleado actual de "AJ Spurs", su decisión en cuanto a si presenta o no un Formulario de Reclamación no afectará su empleo con "AJ Spurs". Nadie puede tomar represalias en su contra porque usted decida participar en este Acuerdo de Demanda Colectiva. \*\***

Dos ex empleados demandaron a "AJ Spurs" alegando violaciones a las leyes de California y Federales.

La demanda alega que "AJ Spurs":
> 1) no pagó todos los salarios por horas extras que se adeudaban a sus empleados;
> 2) no proporcionó a sus empleados los períodos alimentación y descanso adecuados;
> 3) no pagó todos los salarios adeudados en el plazo requerido; y
> 4) no proporcionó a los empleados comprobantes de nómina exactos y detallados;

La demanda solicitó que se le ordene a "AJ Spurs" que corrija estas violaciones y pague salarios, intereses y sanciones a los empleados por hora no exentos que eran empleados de "AJ Spurs" en California después del 2 de abril del 2009.

"AJ Spurs" niega cualquier conducta indebida o que ha violado ninguna ley y niega que estas reclamaciones tengan mérito alguno. Sin embargo, "AJ Spurs" ha acordado pagar hasta $375,000 para resolver la demanda y con el fin de evitar el tiempo y el costo de seguir defendiendo la demanda.

"AJ Spurs" le ha identificado como un empleado por horas no exento que estuvo empleado por "AJ Spurs" en California en cualquier momento del 2 de abril del 2009 hasta el 8 de julio del 2014, que puede tener derecho a algún dinero del acuerdo. Este Aviso explica los términos importantes de este acuerdo, cómo le afecta a usted y cómo usted puede recibir un pago. Por favor, léalo cuidadosamente.

## 2.     Por qué debe usted leer este Aviso.

Este Aviso explica sus derechos a compartir en el acuerdo, o a objetar al acuerdo, o su derecho a excluirse del acuerdo (a veces conocido como "salirse" del acuerdo). La Corte de Distrito de los Estados Unidos, Distrito Central de California ha certificado condicionalmente una demanda colectiva sólo a los efectos del acuerdo contra "AJ Spurs" y ordenó que este Aviso le fuera enviado a usted.

Si usted no responde a este Aviso dentro del plazo indicado puede perder cualquier derecho que usted tenga presentar las mismas reclamaciones contra "AJ Spurs" y, por efecto de la ley, usted estará obligado por la Liberación Reclamaciones que figura en el Párrafo 5.

La Corte celebrará una Audiencia de Aprobación Final en relación con el acuerdo propuesto el 10 de noviembre del 2014 a las 10:00 a.m. en el Departamento 680 de la Corte de Distrito de los Estados Unidos, Distrito Central de California, ubicada en 255 East Temple Street, Los Angeles, California 90012.

## 3.     Definiciones

a.  "Demanda" y "Demanda Colectiva" se refieren a la demanda en este documento, generalmente conocida como *Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.,* Corte de Distrito de los Estados Unidos, Distrito Central de California, Caso No. CV13-2349 ABC *(RZx)*.

b.  "Administrador de Reclamaciones" significa CPT Group, Inc., la empresa que administrará el Acuerdo de Demanda Colectiva.

c.  "Clase" y "Miembro(s) de la Clase" significan:

Una clase de todos los empleados por horas no exentos que estaban empleados por "AJ Spurs" en California en cualquier momento del 2 de abril del 2009 al 8 de julio del 2014.

d. "Orden Final" se refiere a la orden de la Corte otorgando la aprobación final del Acuerdo de Demanda Colectiva (que se define más abajo) y dictar una sentencia aprobando el Acuerdo.

e. "Fecha de Vigencia" se define como: (i) la fecha en que la Corte otorga la aprobación final del Acuerdo si ningún Miembro de la Clase presenta objeciones al Acuerdo; o (ii) si un Miembro de la Clase presenta una objeción al Acuerdo, la Fecha de Vigencia será la fecha que caiga treinta (30) días después de la fecha en que la Corte otorga la aprobación final del Acuerdo si no se inician apelaciones por un objetante; o (iii) si se inicia a tiempo una apelación por un objetante, la Fecha de Vigencia será la fecha en que se resuelva esa apelación (incluyendo cualquier solicitud de nueva audiencia y/o peticiones de revisión judicial - *certiorari),* dando lugar a la aprobación judicial final del Acuerdo.

f. "Audiencia Final de Equidad y Aprobación" significa la audiencia para determinar si el Acuerdo de Demanda Colectiva debe ser finalmente aprobado como justo, razonable y adecuado.

g. "Miembro de la Clase del Acuerdo" significa cualquier persona que es un Miembro de la Clase y que no se excluye de la Clase a tiempo y con validez, de conformidad con los procedimientos de exclusión establecidos en este Aviso.

h. "Sentencia" se refiere a la sentencia dictada por la Corte conjuntamente con la Orden Final.

i. "Cantidad Máxima del Acuerdo" significa la cantidad de hasta trescientos setenta y cinco mil dólares ($375,000.00) a ser pagados por "AJ Spurs" según lo dispone este Acuerdo para resolver esta Demanda sobre una base de reversión.

j. "Demandados" o "AJ Spurs" se refiere a los Demandados "A.J. Spurs Restaurant-Santa Maria, Inc.", "A.J. Spurs-Buellton, Inc.", "A.J. Spurs-Templeton, Inc." o "Milt Guggia Enterprises, Inc."

k. "Demandantes" y "Representantes de la Clase" significan Barbara Ann Morawski y Jose L. Cortez.

l. "Acuerdo" y "Acuerdo de Demanda Colectiva" se refieren a los términos y condiciones del acuerdo propuesto en la Demanda establecido en la *Estipulación Conjunta del Acuerdo de Demanda Colectiva* presentada ante la Corte y según sean aprobados.

## 4.    Antecedentes del Acuerdo

Las partes y sus abogados han llevado a cabo extensas investigaciones de hecho y de derecho, incluyendo una revisión de una muestra de los registros de nómina y tiempo trabajado por el reloj. Los abogados han analizado la ley en lo que respecta a las alegaciones de los Demandantes, las defensas de "AJ Spurs" y los daños reclamados por los Demandantes. La corte no ha decidido ninguna de las alegaciones de hecho o de derecho en contra de "AJ Spurs".

Los Demandantes y sus abogados creen que las reclamaciones tienen mérito. Sin embargo, ellos reconocen el gasto y el tiempo involucrados en la prolongación del litigio, así como la posibilidad de que los Demandantes no puedan probar algunas o todas sus alegaciones. Sin este acuerdo, los Demandantes tendrían que obtener la certificación de la clase sobre las objeciones de "AJ Spurs", cuyo resultado es muy incierto. Además, en un juicio, "AJ Spurs" tendría derecho a alegar que no violó las leyes. Este caso involucra muchas cuestiones de hecho y de derecho no resueltas. A juicio de los abogados de los demandantes, si este caso llegara a proceder, no se sabe si los Demandantes tendrían éxito en la fase de certificación, si se encontraría que "AJ Spurs" ha violado las leyes, como se alega, y si la cantidad adjudicada por daños sería más que la cantidad del Acuerdo propuesto.

Por lo tanto, los Demandantes y los abogados de los Demandantes se enfrascaron en estrechas negociaciones con "AJ Spurs" y sus abogados, las cuales incluyeron la mediación de un mediador experimentado y neutral. Las negociaciones y la mediación condujeron al Acuerdo de Demanda Colectiva propuesto. Los Demandantes y los abogados de los Demandantes creen que el Acuerdo de Demanda Colectiva es justo, razonable y adecuado, y en el mejor interés de la Clase y de los Miembros de la Clase a la luz de los riesgos del litigio.

"AJ Spurs" considera que las reclamaciones formuladas en la demanda carecen de mérito. En consecuencia, "AJ Spurs" ha negado y continúa negando las reclamaciones de los Demandantes y todos los cargos de mala conducta y de responsabilidad civil. Aunque "AJ Spurs" ha negado las alegaciones en la Demanda y niega haber cometido delito alguno

o violación de las leyes, "AJ Spurs" entiende que el litigio adicional en este caso sería prolongado, costoso, y contrario a sus intereses. Grandes cantidades de tiempo, energía y recursos ya se han dedicado a la defensa de la Demanda, las cuales con certeza continuarán y aumentarán exponencialmente en ausencia de un acuerdo. Por lo tanto, "AJ Spurs" cree que el Acuerdo es la mejor manera de resolver la Demanda y reducir al mínimo sus propios gastos adicionales y la interrupción de su negocio.

## 5.   El Acuerdo Propuesto

Sin admitir que "AJ Spurs" hizo nada indebido, "AJ Spurs" ha acordado pagar $375,000.00 (la "Cantidad Máxima del Acuerdo") para resolver la Demanda, lo que incluye el pago de:

(1) Honorarios de abogado de los Abogados de la Clase (que no excedan de $112,500 u otra cantidad aprobada por la Corte); (2) los costos de litigio verificados de los Abogados de la Clase (que no excedan de $20,000 u otra cantidad aprobada por la Corte); (3) por Mejoras a los Representantes de la Clase ($2,500 a cada uno) a los dos demandantes nombrados Barbara Ann Morawski y Jose L. Cortez (que colectivamente no excedan de $5,000 u otra cantidad aprobada por la Corte); (4) un pago a la Agencia Para el Desarrollo del Trabajo y la Fuerza Laboral de California ($1,875.00); y (5) Honorarios del Administrador de Reclamaciones (que no excedan de $20,000). La Cantidad Máxima del Acuerdo menos estos pagos del 1 al 5 constituirán la Cantidad Neta del Acuerdo, que se estima sean $215,625. Se garantiza que por lo menos el cincuenta por ciento de esta cantidad se pagará, independientemente de la cantidad de reclamaciones válidas que se presenten, y suponiendo que el número de personas que optan por excluirse de la Clase no supere el 10% del tamaño total de la clase.

Lo que sigue es un resumen de las disposiciones del Acuerdo. Los términos específicos y completos del Acuerdo propuesto se establecen en la *Estipulación Conjunta del Acuerdo de Demanda Colectiva,* cuya copia se encuentra en los archivos de la Corte y del Administrador de Reclamaciones.

**Pagos Individuales del Acuerdo**

Cada Miembro de la Clase que presente a tiempo un Formulario de Reclamación válido (Miembros de la Clase Participantes) en o antes del 17 de octubre del 2014 tendrá derecho a recibir su Pago Individual del Acuerdo, que se basará en la información contenida en los registros de nómina correspondientes de "AJ Spurs", y se calculará como sigue:

La Cantidad Neta del Acuerdo se asignará a los Miembros de la Clase Participantes de la siguiente manera:

  a) El diez por ciento (10%) de la Cantidad Neta del Acuerdo se distribuirá, de forma proporcional, a todos los Miembros de la Clase del Acuerdo que dejaron de trabajar para los Demandados entre el 2 de abril del 2010 y el 8 de julio del 2014.

  b) Los Demandados luego calcularán el total de Semanas de Trabajo Compensables para todos los Miembros de la Clase del Acuerdo colectivamente. Las Semanas de Trabajo Compensables correspondientes a cada Miembro de la Clase se dividirán entre el total de Semanas de Trabajo Compensables de todos los Miembros de la Clase, lo que resultará en la Tasa de Pago para cada Miembro de la Clase. La Tasa de Pago de Cada Miembro de la Clase del Acuerdo se multiplicará después por la Cantidad Neta del Acuerdo restante para determinar su Pago Individual del Acuerdo.

Las "Semanas de Trabajo Compensables" se definen como el número de semanas trabajadas por los Miembros de la Clase del Acuerdo durante el período comprendido del 2 de abril del 2009 al 8 de julio del 2014 de acuerdo con los registros de nómina de los Demandados, o según se acuerde con los Demandados. Una semana de trabajo sólo se considerará "trabajada" si el Miembro de la Clase del Acuerdo trabajó y estuvo presente durante por lo menos un turno durante esa semana laboral. El número de Semanas de Trabajo Compensable de cada Miembro de la Clase del Acuerdo se establece en su Formulario de Reclamación que se incluye con este Aviso. Si un Miembro de la Clase está en desacuerdo con el número de Semanas de Trabajo Compensables establecido en su Formulario de Reclamación, el o ella puede disputarlo proporcionando la documentación que apoye una información diferente al Administrador de Reclamaciones. El Administrador de Reclamaciones tomará la decisión final en cuanto a la cantidad correcta de Semanas de Trabajo Compensables que se utilizará para calcular cada Pago Individual del Acuerdo y esa decisión es inapelable.

La cantidad estimada de su Pago Individual del Acuerdo se indica en el Formulario de Reclamación. Por favor, tenga en cuenta que éste es sólo un estimado y puede ser aumentado o disminuido como resultado de los cálculos finales que se

realicen durante el proceso de administración de reclamaciones. En concreto, las cantidades reales dependerán del número de Miembros de la Clase que presenten reclamaciones bajo el Acuerdo, la cantidad real de Semanas de Trabajo Compensables que cada uno de ellos presenta, los costos de administración de reclamaciones, así como las cantidades por honorarios de abogado, gastos de litigio verificados, pagos por mejoras a los Representantes de la Clase que se adjudiquen por la Corte, y el pago a la Agencia para el Desarrollo del Trabajo y la Fuerza Laboral de California. Además, por favor tenga en cuenta que una parte de su pago del acuerdo se considerará como salarios y estará sujeta a sus impuestos y retenciones. Para los ingresos no salariales, usted será el único responsable de reportar y pagar los impuestos sobre los ingresos federales, estatales y/o locales, o cualesquier otros impuestos o retenciones, si fuera el caso, sobre cualquiera de los pagos que se hagan a usted. No se hace representación alguna en cuanto a la exención fiscal de cualquier parte de estas cantidades, o el pago de cualesquier costos o una adjudicación de honorarios de abogados. Si usted tiene alguna pregunta sobre el tratamiento fiscal de su pago del Acuerdo, por favor consulte a su contador o preparador de impuestos. Ni los Demandantes, ni los Abogados de la Clase, ni "AJ Spurs" hace representación alguna con respecto a las consecuencias fiscales de este Acuerdo o de su participación en el mismo.

**Pago de Reclamaciones.** "AJ Spurs" pagará todas las reclamaciones **debidamente completadas, firmadas y presentadas a tiempo** a través del Administrador de Reclamaciones, de conformidad con los términos del Acuerdo de Demanda Colectiva, después que la Corte haya dictado su Orden Final otorgando la aprobación definitiva del Acuerdo. Los pagos se iniciarán después de la Fecha de Vigencia.

**Sin efecto sobre los Planes de Beneficios de los Empleados.** Las cantidades pagadas a los Demandantes o a otros Miembros de la Clase del Acuerdo en virtud de este Acuerdo no representan una modificación a las horas de servicio previamente acreditadas bajo cualquier política o plan de beneficios a los empleados patrocinado por "AJ Spurs". Tales cantidades no constituirán la base para contribuciones adicionales a, beneficios bajo, o cualquier otro derecho monetario bajo, cualquier plan de beneficios, políticas o programas patrocinados por "AJ Spurs". Todos los pagos realizados bajo los términos de este Acuerdo no se aplicarán con carácter retroactivo, en la actualidad o en forma continua de ahora en adelante como sueldos, ganancias, salarios o cualquier otra forma de compensación a los efectos de cualquier plan de beneficios, política o programa de bonificación patrocinado por "AJ Spurs", incluyendo, pero sin limitaciones, las políticas sobre vacaciones, licencias y de enfermedad. "AJ Spurs" retiene el derecho a modificar el lenguaje de cualquier plan, política y programa de beneficios para implementar esta intención y para dejar claro que las cantidades pagadas en virtud de este Acuerdo no son para cualquiera de los términos de medición según se definen en los planes, las políticas y los programas a los efectos de elegibilidad, derechos adquiridos, acumulación de beneficios, o cualquier otro propósito, y que este Acuerdo no requiere contribuciones o beneficios adicionales.

**Reclamaciones Liberadas.** De ser aprobado por la Corte, todos los Miembros de la Clase del Acuerdo liberarán y exonerarán plenamente a los Demandados y a sus casas matrices, subsidiarias, empresas afiliadas, empleados, directores, oficiales y agentes de todas y cada una de las reclamaciones, acciones, demandas, causas de acción, querellas, deudas, obligaciones, daños, derechos o responsabilidades, de cualquier tipo de naturaleza y descripción, que se basen en, o que razonablemente se relacionen con las reclamaciones de salarios y horarios que fueron o pudieran haber sido alegadas en la Demanda (y en cualesquier Demandas enmendadas) presentadas en esta Demanda, y específicamente las siguientes reclamaciones: Reclamaciones por salarios no pagados (incluyendo las reclamaciones por pago de horas extras y por primas de períodos de alimentación y descanso), intereses, sanciones (incluyendo sanciones por tiempo de espera de conformidad con la Sección 203 del Código Laboral) reclamaciones por dejar de reembolsar todos los gastos de negocios de conformidad con la Sección 2802 del Código Laboral, sanciones por comprobantes de nómina de conformidad con la Sección 226 del Código Laboral, y sanciones civiles de conformidad con la Ley General de Abogados Privados del 2004 (Secciones 2698 y siguientes del Código Laboral) ("PAGA"), reclamaciones en virtud de las Secciones 201-204, 206.5, 210-214, 216, 218, 218.5, 226, 226.3, 226.7, 510, 512, 551-552, 558, 1174, 1182.12, 1194, 1194.2, 1198, 2802 y 2699 y siguientes del Código Laboral, Sección 1021.5 del Código de Procedimiento Civil, Título 8 Secciones 11010 y 11040 del Código de Regulaciones de California, las Órdenes Salariales de la Comisión de Bienestar Industrial, reclamaciones bajo las Secciones 17200 y siguientes del Código de Negocios y Profesiones, la Ley de Normas Justas en el Trabajo, reclamaciones por honorarios y costos de abogados, y prácticas de negocio desleales. Las Reclamaciones Liberadas incluyen todos los daños compensatorios, consecuentes, incidentales y liquidados reclamado o no reclamados, restitución, intereses, costos y honorarios de abogados, desagravio por mandato judicial o equitativo, y cualquier otro resarcimiento disponible por derecho o equidad supuestamente adeudado a, o disponible para, los Miembros de la Clase del Acuerdo que surja o fluya razonablemente de las reclamaciones de salarios y horarios que fueron o pudieran haber sido alegadas en la Demanda (y en cualesquier Demandas enmendadas) presentadas en esta Demanda para el período de tiempo del 2 de abril del 2009 hasta e incluyendo el 8 de julio del 2014.

| 6. | *¿Cuáles son mis derechos? ¿Cómo se verán afectados mis derechos?* |
|---|---|

### A. Para presentar una Reclamación y recibir su porción de los Fondos del Acuerdo

Para obtener dinero del Acuerdo, usted **debe** completar a tiempo y con propiedad el Formulario de Reclamación que se adjunta, **firmarlo** y devolverlo al Administrador de Reclamaciones por fax o a la dirección que se indica más abajo en o antes del 17 de octubre del 2014. **Dejar de firmar y devolver el Formulario de Reclamación dentro del plazo indicado anteriormente le impedirá recibir su porción del Acuerdo, pero todavía se verá obligado por el Acuerdo, a menos que se excluya a tiempo (según se establece en la sección siguiente).** Los Abogados de la Clase, designados y aprobados por la Corte sólo a los efectos del Acuerdo de Demanda Colectiva, le representarán. Por favor, envíe cualquier reclamación por fax o el Formulario de Reclamación con la dirección ya impresa por correo a la siguiente dirección:

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Teléfono: 1-866-533-2173
Fax: (949) 419-3446

### B. Para solicitar la Exclusión del Acuerdo de Demanda Colectiva

Usted puede solicitar la exclusión (salirse) de la Demanda Colectiva y del Acuerdo si cumple con los procedimientos de exclusión indicados más abajo. Para solicitar la exclusión, usted debe completar, firmar y enviar por correo el Formulario de Solicitud de Exclusión que se adjunta de manera que tenga matasellos fechado a más tardar el 17 de octubre del 2014. **Los Miembros de la Clase que decidan excluirse de la Clase del Acuerdo no recibirán ningún dinero bajo el Acuerdo de la Clase ni se considerará que han liberado sus reclamaciones.** No presenta ambos, un Formulario de Solicitud de Exclusión y un Formulario de Reclamación. Si lo hace, el Formulario de Reclamación se considerará nulo y la Solicitud de Exclusión será procesada. Por favor, envíe cualquier solicitud de exclusión por fax o por correo mediante el Formulario de Exclusión con la dirección ya impresa a la siguiente dirección:

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Teléfono: 1-866-533-2173
Fax: (949) 419-3446

La Orden y la Sentencia Finales que siguen a la aprobación por la Corte vincularán a todos los Miembros de la Clase que no soliciten su exclusión del Acuerdo de Demanda Colectiva.

### C. Para objetar al Acuerdo de Demanda Colectiva

Cualquier Miembro de la Clase que no se haya excluido del Acuerdo propuesto y que desee objetar al Acuerdo propuesto debe seguir el procedimiento establecido en esta sub-sección C y en la Sección 10 más abajo con el fin de presentarse en persona o a través de un abogado en la Audiencia Final de Equidad y Aprobación, en la fecha que se establece más abajo, y para ser escuchado sobre por qué el Acuerdo no debe ser aprobado como justo, razonable y adecuado.

Ninguna persona será escuchada ni tendrá derecho a objetar, y ningún documento o escritos presentado por dicha persona será recibido o considerado por la Corte, a menos que, a más tardar el 17 de octubre del 2014, él o ella presente por escrito ante la Corte en el Departamento 680 de la Corte de Distrito de los Estados Unidos, Distrito Central de California, ubicada en 255 East Temple Street, Los Angeles, California 90012 y a los abogados de "AJ Spurs" y de los Demandantes, en las direcciones que se indican más abajo en la sección 8, un Aviso de Intención de Comparecer en la Audiencia Final de Equidad y Aprobación, junto con copias de todos los papeles y escritos que se proponga presentar ante la Corte en la audiencia, y entregar copias de todos los documentos presentados ante la Corte por correo o por otros medios lícitos a los abogados antes mencionados a más tardar el 17 de octubre del 2014.

Se considerará que cualquier Miembro de la Clase que no presente y entregue sus objeciones y/o su aviso de intención de comparecer por escrito en el plazo y en la forma provistos anteriormente, habrá renunciado a hacer objeciones y se le prohibirá que haga objeciones (por apelación o de otra manera) al Acuerdo de Demanda Colectiva propuesto. Los

Miembros de la Clase que estén satisfechos con el Acuerdo de la Clase no tienen que comparecer en la Audiencia Final de Equidad y Aprobación.

**Si usted tiene la intención de objetar al Acuerdo, pero desea reclamar una porción de los fondos del Acuerdo, deberá devolver a tiempo el Formulario de Reclamación como se indicó anteriormente. Si la Corte aprueba el Acuerdo de Demanda Colectiva a pesar de las objeciones y usted no ha devuelto su Formulario de Reclamación, usted NO recibirá una porción de los fondos del Acuerdo y se le prohibirá para siempre que haga valer cualquiera de las reclamaciones descritas anteriormente como Reclamaciones Liberadas.**

Si el Acuerdo de Demanda Colectiva propuesto es aprobado por la Corte, la Corte firmará una Orden Final que resolverá las Reclamaciones Liberadas en la medida provista en la Orden y la Sentencia Finales y se prohibirá permanentemente que todos los Miembros de la Clase del Acuerdo Final que interpongan todas y cada una de las Reclamaciones Liberadas contra las Partes Liberadas.

Si el Acuerdo es aprobado y usted presenta a tiempo un Formulario de Reclamación válido, usted recibirá una compensación y se le prohibirá para siempre que haga valer cualquiera de las reclamaciones descritas anteriormente como Reclamaciones Liberadas. **Si el Acuerdo es aprobado y usted no ha hecho nada, no recibirá ninguno de los fondos del Acuerdo y se le prohibirá para siempre que haga valer cualquiera de las reclamaciones descritas anteriormente como Reclamaciones Liberadas.**

### 7.   ¿Quiénes son las Partes en esta Demanda Colectiva?

Barbara Ann Morawski y Jose L. Cortez son los Demandantes y Representantes de la Clase en esta Demanda Colectiva, actuando en nombre de sí mismos y en nombre de otros empleados y ex empleados por hora no exentos de "AJ Spurs".

Los Demandados son A.J. Spurs Restaurant-Santa Maria, Inc., A.J. Spurs-Buellton, Inc., A.J. Spurs-Templeton, Inc. y Milt Guggia Enterprises, Inc.

### 8.   ¿Quiénes son los abogados que representan a las Partes?

Los abogados de los Demandantes y los Miembros de la Clase son:

BALTODANO & BALTODANO LLP
Hernaldo J. Baltodano (SBN 222286)
Erica Flores Baltodano (SBN 222331)
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Teléfono: (805) 322-3412
Fax: (805) 322-3413

BOREN, OSHER & LUFTMAN LLP
Paul K. Haines (SBN 248226)
Fletcher W. Schmidt (SBN 286462)
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Teléfono: (323) 937-9900
Fax: (323) 937-9910

Los abogados de los Demandados son:

GORDON & REES LLP
Jon C. Yonemitsu, (SBN 199026)
Lisa A. Hill (SBN 223995)
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Teléfono: (213) 576-5000
Fax: (213) 680-4470

### 9.   ¿Cómo se les pagará a los abogados del caso?

Los abogados de los Demandantes y los Miembros de la Clase se pagarán con cargo a la Cantidad Máxima del Acuerdo. Los abogados pedirán hasta $112,500 por sus honorarios, y hasta $20,000.00 por gastos de litigio verificados, la cantidad real de los cuales será determinada por la Corte. Si lo aprueba la Corte, Adjudicaciones por Mejoras a los Representantes de la Clase Barbara Ann Morawski y Jose L. Cortez que no excedan de dos mil quinientos dólares ($2,500) cada uno se pagarán con cargo a la Cantidad Máxima del Acuerdo por sus servicios como Representantes de la Clase.

| 10. | *Aviso de Audiencia de Aprobación Final y Objeciones al Acuerdo de Demanda Colectiva* |
|---|---|

Se le notifica por este medio que una Audiencia Final de Equidad y Aprobación se celebrará **el 10 de noviembre del 2014 a las 10:00 a.m.,** en el departamento 680 de la Corte de Distrito de los Estados Unidos, Distrito Central de California, ubicada en 255 East Temple Street, Los Angeles, California 90012, para determinar si el Acuerdo de Demanda Colectiva es justo, razonable y adecuado, y debe ser finalmente aprobado por la Corte.  La Corte podrá suspender o continuar la audiencia de vez en cuando, sin previo aviso, como lo ordene la Corte.

Cualquier Miembro de la Clase que no haya solicitado su exclusión (salirse) del Acuerdo, que objete al Acuerdo propuesto, y que haya seguido el procedimiento establecido más arriba en la Sección 6 (C), podrá comparecer en persona o a través de un abogado en la Audiencia Final de Equidad y Aprobación, descrita más arriba, y ser escuchado sobre por qué el Acuerdo no debe ser aprobado como justo, razonable y adecuado, o por qué se debe dictar o no una desestimación con perjuicio.

| 11. | *Examen de Documentos y Consultas* |
|---|---|

Lo anterior es sólo un resumen de la Demanda y del Acuerdo de Demanda Colectiva propuesto y no pretende ser exhaustivo.  Para una exposición más detallada de las cuestiones implicadas en la Demanda y en el Acuerdo de Demanda Colectiva propuesto, usted puede consultar los alegatos, la *Estipulación Conjunta del Acuerdo de Demanda Colectiva* y otros documentos presentados en la Demanda, que pueden ser inspeccionados entre las 8:30 a.m. y las 4:00 p.m., de lunes a viernes, en la Oficina del Secretario de la Corte de Distrito de los Estados Unidos, Distrito Central de California, División del Oeste, ubicada en 312 North Spring Street, Sala G-8, Los Angeles, California 90012, o en línea a través del Localizador de Casos PACER en www.pacer.gov/findcase.

**SI USTED NECESITA MÁS INFORMACIÓN O TIENE PREGUNTAS en** relación con los plazos para la presentación de documentos, las fechas para la distribución de los cheques individuales del acuerdo o asuntos relacionados con la administración de reclamaciones, puede contactar al Administrador de Reclamaciones, CPT Group, Inc.  Si usted tiene otras preguntas relacionadas con el acuerdo, puede llamar a los Abogados de la Clase, Hernaldo J. Baltodano al (805) 322-3412, o a Paul K. Haines, al (323) 937-9900. Por favor, haga referencia al Acuerdo de Demanda Colectiva *Morawski v. A.J. Spurs Restaurant.*

**NO LLAME A LA CORTE PARA RECABAR INFORMACIÓN ACERCA DE ESTE ACUERDO PROPUESTO O ACERCA DEL PROCESO DE RECLAMACIONES.**

**NO CONTACTE A AJ SPURS O A SUS ADMINISTRADORES PARA RECABAR INFORMACIÓN ACERCA DE ESTE ACUERDO O ACERCA DEL PROCESO DE RECLAMACIONES.**

| 12. | *Cambio de Dirección* |
|---|---|

Usted tiene la responsabilidad de mantener informado al Administrador de Reclamaciones sobre su dirección correcta en todo momento hasta que reciba su(s) cheque(s) del acuerdo.  Sírvase firmar y enviar por correo o por fax cualquier cambio de dirección, junto con su número de seguro social, su dirección anterior y su nueva dirección, a:

*Morawski v. A.J. Spurs Restaurant*
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606
Teléfono: 1-866-533-2173
Fax: (949) 419-3446

# CLAIM FORM

**_Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al._**
**United States District Court, Central District of California**
**Case No.: CV13-2349 ABC (RZx)**

**IN ORDER TO BE ELIGIBLE TO RECEIVE A SETTLEMENT AWARD, YOU MUST LEGIBLY _COMPLETE_, _SIGN_, AND _MAIL_ THIS CLAIM FORM, POSTMARKED ON OR BEFORE OCTOBER 17, 2014, ADDRESSED AS FOLLOWS:**

CPT ID: «ID»
«EmployeeName»
«Address1» «Address2»
«CITY», «STATE» «ZIP»

<div style="border:1px solid">

**CPT GROUP, INC.**
**MORAWSKI V. A.J. SPURS RESTAURANT**
**CLASS ACTION ADMINISTRATOR**
**16630 ASTON**
**IRVINE, CA 92606**
**TELEPHONE: 1-866-533-2173**
**FAX: (949) 419-3446**

</div>

### INCOMPLETE AND/OR LATE CLAIM FORMS WILL BE REJECTED

**IT IS ESTIMATED THAT YOU QUALIFY TO RECEIVE A SETTLEMENT SHARE IN THE AMOUNT OF «estAmount». PLEASE NOTE THIS IS ONLY AN ESTIMATE AND DOES NOT REFLECT A FINAL CALCULATION. THE FINAL CALCULATION MAY RESULT IN A SETTLEMENT SUM WHICH IS EITHER GREATER THAN OR LESS THAN THE STATED AMOUNT.**

**INSTRUCTIONS:**

1. You must legibly complete, sign, and mail this Claim Form in order to be eligible to receive any monetary recovery. Your Claim Form must be filled out completely and postmarked on or before the referenced date above, or it will be rejected.
2. If you change residences, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.
3. You should retain a copy of your postmarked Claim Form for your records.

**A.**   **Claimant Information**

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| | | |
|---|---|---|
| Former Name (if any); First | Middle Initial | Last Name |

| | | | |
|---|---|---|---|
| Current Mailing Address | City | State | Zip |

| | |
|---|---|
| Phone Number | Last Four Digits of Social Security Number |

**B.**   **Signature and Confirmation**

I declare under penalty of perjury under the laws of the United States and the State of California that:

1.   The information in this Claim Form, including any corrections I have made, is true and correct.
2.   I have reviewed the Class Notice, and understand that by signing below I am indicating my desire to receive my Settlement Share as set forth above.

Date: _____   _____   _____
                                        Signature                              Print

# FORMULARIO DE RECLAMACIÓN

***Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.***
**Corte de Distrito de los Estados Unidos, Distrito Central de California**
**Caso No.: CV13-2349 ABC (RZx)**

**PARA TENER DERECHO A RECIBIR UNA ADJUDICACIÓN DEL ACUERDO, USTED DEBE *COMPLETAR LEGIBLEMENTE,* FIRMAR Y ENVIAR POR CORREO ESTE FORMULARIO DE RECLAMACIÓN CON MATASELLOS FECHADO EN O ANTES DEL 17 DE OCTUBRE DEL 2014, A LA SIGUIENTE DIRECCIÓN:**

CPT ID: «ID» ‖‖‖ ‖‖‖‖ ‖‖
«EmployeeName»
«Address1» «Address2»
«CITY»,«STATE» «ZIP»
«I MBRCOD»

---

**CPT GROUP, INC.**
**MORAWSKI V. A.J. SPURS RESTAURANT**
**CLASS ACTION ADMINISTRATOR**
**16630 ASTON**
**IRVINE, CA 92606**
**TELÉFONO: 1-866-533-2173**
**FAX: (949) 419-3446**

---

**LOS FORMULARIOS DE RECLAMACIÓN INCOMPLETOS Y/O TARDÍOS SERÁN RECHAZADOS**

**SE ESTIMA QUE USTED CALIFICA PARA RECIBIR UNA PORCIÓN DEL ACUERDO ASCENDENTE A «estAmount». TENGA PRESENTE QUE ÉSTE ES SÓLO UN ESTIMADO Y NO REFLEJA UN CÁLCULO FINAL. EL CÁLCULO FINAL PUEDE RESULTAR EN UNA CANTIDAD DEL ACUERDO MAYOR O MENOR QUE LA CANTIDAD INDICADA.**

INSTRUCCIONES:

1. Usted debe completar legiblemente, firmar y enviar por correo este Formulario de Reclamación para tener derecho a recibir cualquier compensación monetaria. Su Formulario de Reclamación debe llenarse completamente y tener matasellos fechado en o antes de la fecha mencionada anteriormente, o será rechazado.

2. Si usted cambia de domicilio, por favor envíe su nueva dirección al Administrador de Reclamaciones. Usted tiene la responsabilidad de mantener su dirección actual en el archivo del Administrador de Reclamaciones.

3. Usted debe conservar una copia de su Formulario de Reclamaciones con prueba de fecha de envío sus archivos.

**Información del Reclamante**

| | | |
|---|---|---|
| Primer nombre | Segundo nombre | Apellido |

| | | |
|---|---|---|
| Nombre anterior (si lo hay); Primero | Segundo | Apellido |

| | | | |
|---|---|---|---|
| Dirección actual | Ciudad | Estado | Código Postal |

| | |
|---|---|
| Número de Teléfono | Últimos cuatro dígitos del número de Seguro Social |

**Firma y Confirmación**

Yo declaro bajo pena de perjurio bajo las leyes de los Estados Unidos y del Estado de California que:

1. La información en este Formulario de Reclamación, incluyendo las correcciones que he hecho, es verdadera y correcta.

2. He revisado el Aviso a la Clase, y entiendo que al firmar más abajo indico mi deseo de recibir mi Porción del Acuerdo como se estableció anteriormente.

Fecha: _____     _____     _____
                                            Firma                                  Imprima

# REQUEST FOR EXCLUSION FROM CLASS ("OPT OUT") FORM

*Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.*
**United States District Court, Central District of California**
**Case No.: CV13-2349 ABC (RZx)**

**IF YOU *DO NOT* WISH TO BE PART OF THE CLASS ACTION SETTLEMENT, YOU MUST *COMPLETE*, *SIGN* AND *MAIL* THIS FORM, POSTMARKED ON OR BEFORE OCTOBER 17, 2014, ADDRESSED AS FOLLOWS:**

| |
|---|
| **CPT GROUP, INC.**<br>**MORAWSKI V. A.J. SPURS RESTAURANT**<br>**CLASS ACTION ADMINISTRATOR**<br>**16630 ASTON**<br>**IRVINE, CA 92606**<br>**TELEPHONE: 1-866-533-2173**<br>**FAX: (949) 419-3446** |

**DO NOT SUBMIT THIS FORM IF YOU WISH TO RECEIVE A PAYMENT UNDER THE SETTLEMENT.**

By signing and returning this form, I confirm that I *do not* want to be included in the Settlement of the lawsuit entitled *Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.,* Case No. CV13-2349 ABC (RZx), nor do I want to be bound by the Settlement Agreement in this lawsuit

I understand that by opting out of the Settlement, I am giving up my right to receive any payments under the Settlement. I further understand that by opting out of the Settlement, I will not be bound by the Settlement Agreement in this class action.  By providing the following information, I affirm that I want to <u>opt-out</u> (or exclude myself from) the class action Settlement:

_____

First Name                     Middle Initial                          Last Name

_____

Former Name (if any); First          Middle Initial                          Last Name

_____

Current Mailing Address              City                    State               Zip

_____          _____

Phone Number                                    Last Four Digits of Social Security Number

Date: _____          _____

                                                    Signature

                                     _____

                                                    Print

# FORMULARIO DE SOLICITUD DE EXCLUSIÓN (SALIRSE) DE LA CLASE

*Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.*
**Corte de Distrito de los Estados Unidos, Distrito Central de California**
**Caso No.: CV13-2349 ABC (RZx)**

SI USTED *NO DESEA* FORMAR PARTE DEL ACUERDO DE DEMANDA COLECTIVA, DEBE *COMPLETAR, FIRMAR* Y *ENVIAR POR CORREO* ESTE FORMULARIO, CON MATASELLOS FECHADO EN O ANTES DEL 17 DE OCTUBRE DEL 2014, A LA SIGUIENTE DIRECCIÓN:

| |
|---|
| **CPT GROUP, INC.**<br>**MORAWSKI V. A.J. SPURS RESTAURANT**<br>**CLASS ACTION ADMINISTRATOR**<br>**16630 ASTON**<br>**IRVINE, CA 92606**<br>**TELÉFONO: 1-866-533-2173**<br>**FAX: (949) 419-3446** |

## NO ENVÍE ESTE FORMULARIO SI DESEA RECIBIR UN PAGO BAJO EL ACUERDO.

Al firmar y devolver este formulario, confirmo que *no* quiero ser incluido en el Acuerdo de la demanda titulada *Barbara Ann Morawski, et al. v. A.J. Spurs Restaurant – Santa Maria, Inc., et al.,* Caso No. CV13-2349 ABC (RzX), ni quiero que quedar vinculado por el Acuerdo Conciliatorio en esta demanda

Entiendo que al excluirme del Acuerdo, estoy renunciando a mi derecho a recibir pago alguno bajo el Acuerdo. Entiendo, además, que, al optar por excluirme del Acuerdo, no voy a estar obligado por el Acuerdo Conciliatorio en esta demanda colectiva. Al proporcionar la siguiente información, afirmo que quiero salirme (o excluirme de) el Acuerdo de Demanda Colectiva:

_____   _____   _____
Primer nombre                                      Segundo nombre                                          Apellido

_____   _____   _____
Nombre anterior (si lo hay); Primero          Segundo                                                    Apellido

_____   _____   _____
Dirección actual                     Ciudad                          Estado                          Código Postal

_____                          _____
Número de Teléfono                                               Últimos cuatro dígitos del número de Seguro Social

Fecha: _____                          _____
                                                                              Firma

                                                                              _____
                                                                              Imprimir

Exhibit B



**Back Side
#9 Envelopes**

**Front Side
#9 Envelopes**



**Morawski, et al. v. A.J. Spurs Restaurant, et al.
c/o CPT Group, Inc.
Settlement Administrator
16630 Aston
Irvine, CA 92606**



**REMINDER**

**Morawski, et al. v. A.J. Spurs Restaurant, et al.**
c/o CPT Group, Inc.
16630 Aston, Irvine, CA 92606

This is a reminder that you may be eligible to participate in a pending class settlement in the lawsuit entitled *Morawski, et al. v. A.J. Spurs Restaurant, et al.,* United States District Court – Central District of California Case No. CV13-2349 ABC (RZx). If you wish to make a claim, you must send in your Claim Form on or before **October 17, 2014**, to CPT Group, Inc. at 16630 Aston, Irvine, CA 92606. Please call 1-866-533-2173 if you would like a new packet sent to you, or if you have any questions.

Este es un recordatorio de que usted es elegible para participar en una demanda colectiva pendiente titulada *Morawski, et al. v. A.J. Spurs Restaurant, et al.,* Corte de Distrito de los Estados Unidos - Distrito Central de California  Caso No. CV13-2349 ABC (RZx).  Si usted desea participar  usted debe de enviar su Formulario de Reclamación en o antes del  **17 de octubre del 2014**, a CPT Group, Inc. a 16630 Aston, Irvine, CA 92606. Por favor llame al 1-866-533-2173 si usted desea que se le envíe un nuevo aviso o si tiene preguntas.

Sincerely/Sinceramente,
CPT Group, Inc.

**Back Side**

**Morawski, et al. v. A.J. Spurs Restaurant, et al.**
**c/o CPT Group, Inc.**
**16630 Aston**
**Irvine, CA 92606**

PRESORTED
First Class
US Postage
PAID
PBPS

**Front Side**

CPT ID:
Name1
Address1  Address2
City, State Zip



1088495/207 9172913

Exhibit C



# CPT Group, Inc.
16630 Aston
Irvine, CA 92606
949-428-1080 fax 949-428-1081

Invoice No. | 12029

## *INVOICE*

**Customer**
Case: Morawski v. AJ Spurs
Attention: Jon Yonemitsu
Firm: Gordon Rees
Address: 633 West Firth Street, 52nd Floor
City: Los Angeles        State: Ca        ZIP: 90071

Invoice Date: 10/3/2014
Print Date: 8/18/2014

Phone:

| Qty | Description | Unit Price | TOTAL | Taxable |
|-----|-------------|-----------|-------|---------|
|  | **Morawski v. AJ Spurs** | | | |
| 1 | Case Setup / Create a Unified Mailing List | $3,460.00 | $3,460.00 | |
| 1 | Notification to Class | $1,741.50 | $1,741.50 | |
| 1 | Returned Mail - Notices Returned as Undeliverable | $509.60 | $509.60 | |
| 1 | Claims Administration | $1,551.50 | $1,551.50 | |
| 1 | SSN Verification | $640.40 | $640.40 | |
| 1 | Distribution | $3,159.73 | $3,159.73 | |
| 1 | Post-Distribution / Final Reporting & Declaration | $6,219.90 | $6,219.90 | |

| | | |
|---|---|---|
| Subtotal | $17,282.63 | |
| Discount | ($282.63) | |
| | $0.00 | |
| **TOTAL** | **$17,000.00** | |

**Payment Details**
◉ Settlement Fund
○
○

*Thank you for your Business*