**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Phone: (805) 322-3412
Fax:    (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 North Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

Attorneys for Plaintiffs, the Classes,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN MORAWSKI and JOSE L. CORTEZ as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>A.J. SPURS RESTAURANT – SANTA MARIA, INC., a California Corporation; A.J. SPURS – BUELLTON, INC., a California Corporation; A.J. SPURS – TEMPLETON, INC., a California Corporation; MILT GUGGIA ENTERPRISES, INC., dba A.J. SPURS SALOON & DINING HALL, a California Corporation; and DOES 1 through 10,<br><br>Defendant. | CASE NO. CV13-2349 AB (RZx)<br><br>**DECLARATION OF BARBARA ANN MORAWSKI IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE PAYMENTS**<br><br>Judge: Hon. André Birotte, Jr.<br>Date:  November 10, 2014<br>Time:  10:00 a.m.<br>Dept.:  790 |

1
MORAWSKI DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, BARBARA ANN MORAWSKI, declare as follows:

1. I am an individual over the age of 18 and one of the named plaintiffs in this matter. This declaration is submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Class Counsel's Request for Attorney's Fees and Costs, and Class Representative Incentive Payments. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

2. I was employed by Defendants A.J. Spurs Restaurant – Santa Maria, Inc., A.J. Spurs – Buellton, Inc., A.J. Spurs – Templeton, Inc., and Milt Guggia Enterprises, Inc. ("AJ Spurs" or "Defendants") as an hourly non-exempt server from approximately February 2003 to February 2013. During my employment, I worked "major fraction" shifts (shifts greater than 3.5 hours but less than 4 hours, shifts greater than 6 hours but less than 8 hours), but did not receive all compliant rest and meal periods to which I was entitled when working shifts exceeding three and one half hours, "major fraction" shifts, and shifts exceeding five hours. I also signed a meal period waiver, which I contend was unlawful. At the time of my separation from employment, I earned $8.00 per hour.

3. At the time of filing this lawsuit for unpaid wages, I understood that this lawsuit had the potential to benefit hourly-paid employees at AJ Spurs by facilitating the recovery of their unpaid wages. I also recognized that there was a risk that I could be liable for AJ Spurs' costs and possibly attorneys' fees if we lost the case. I accepted this risk because I wanted AJ Spurs to compensate its hourly-paid employees for unpaid wages. Based on my experience working at AJ Spurs for approximately ten years, it was my impression that current employees would not file claims out of fear of retaliation. And even though I understood that filing a lawsuit is a public record, I accepted that burden for the benefit of AJ Spurs' employees.

4.      I have been actively involved in this case even before the lawsuit was filed. Among other things, I gathered documents for use in the lawsuit, reviewed and analyzed documents related to the claims for unpaid wages, such as my wage statements, Employee Handbook, punch records, and the thousands of pages of documents produced by AJ Spurs. I have also discussed the case with my attorneys on numerous occasions via telephone and in-person, reviewed the pleadings filed with the Court, travelled to and attended approximately five meetings with my attorneys in San Luis Obispo to discuss case strategy, understand the duties as one of the proposed class representatives and prepare for my deposition, helped my attorneys understand AJ Spurs' employment practices and policies, spoke with AJ Spurs' employees, and conferred with my attorneys about the mediation. I would estimate that I've spent dozens of hours in these activities in order to move the case forward since its filing in April 2013.

5.      I understand that my attorneys will request that the Court award me an enhancement award in the amount of two-thousand and five-hundred dollars ($2,500) for my service and efforts on behalf of the proposed Settlement Class. This proposed $2,500 enhancement payment is not contingent on me supporting the proposed class action settlement regardless of its fairness.

6.      As part of the proposed class action settlement, I have also agreed to a full release of claims related to the termination of my employment from AJ Spurs that extends beyond the release of claims applicable to members of the settlement class.

///
///
///
///
///

3
MORAWSKI DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I have read this written statement, fully understand all of its contents, and I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 9, 2014, at San Luis Obispo, California.

						Barbara Ann Morawski